IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SERGIO HUMBERTO VALDEZ | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CAUSE NO. _____ |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION | § § § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Sergio Humberto Valdez ("Plaintiff") files his Original Complaint against the United States of America, United States Department of Homeland Security, and United States Customs and Border Protection (collectively "Defendants" herein) and respectfully shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff seeks monetary relief in excess of $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and post-judgment interest.

### II. PARTIES

2. Plaintiff is an individual who resides in Webb County, Texas. The last three digits of his social security number are 885. The last three digits of his Texas driver's license are 954.

3. Defendant <u>United States of America</u> is sued for Mr. Valdez's personal injuries caused by the negligent or wrongful acts or omissions of its employees. Those employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Texas. See 28 U.S.C. § 13.46(b).

4. Defendant <u>United States Department of Homeland Security</u> ("DHS") is a department of the United States of America whose Secretary is Chad F. Wolf, Department of Homeland Security, Washington, D.C. 20528. Defendant DHS has employees that are persons with relevant knowledge and is expected to provide testimony by deposition and/or live testimony at trial.

5. Defendant <u>Customs and Border Protection</u> ("CBP") is an agency within the United States Department of Homeland Security, a department of the United States of America, whose Senior Official Performing the Duties of the Commissioner is Mark A. Morgan, United States Customs and Border Protection, Washington, D.C. 20536. Defendant CBP has employees that are persons with relevant knowledge and is expected to provide testimony by deposition and/or live testimony at trial.

6. Pursuant to FED. R. CIV. P. §§ 4 (i)(1)(A)(i), 4(i)(B), (4)(i)(C), and 28 U.S.C. § 1391(e), the Complaint and summons is being sent certified mail, return receipt requested, to the following persons or entities:

   a. Office of the United States Attorney General, Monty Wilkinson, Acting Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001;

   b. Office of the United States Attorney of the Southern District of Texas at 1000 Louisiana, Suite 2300, Houston, Texas 77002. Per the Department of Justice U.S. Attorney's Office of the Southern District of Texas' temporary measure regarding service of civil cases during the COVID-19 pandemic, the complaint and summons will also be emailed to USATXS.CivilNotice@usdoj.gov;

  c. United States Department of Homeland Security, a department of the United States of America, Office of the Executive Secretary, MS 0525, Department of Homeland Security, 2707 Martin Luther King Jr. Avenue SE, Washington, D.C. 20528-0525; and

  d. United States Customs and Border Protection, an agency within the United States Department of Homeland Security, a department of the United States of America, at Office of Chief Counsel, U.S. Customs and Border Protection, 1300 Pennsylvania Avenue, Suite 4.4-B, Washington, D.C. 20229. Per CBP's request posted on the official website of the Department of Homeland Security, pertaining to service of civil actions during the COVID-19 pandemic, the complaint and summons will also be emailed to cbpserviceintake@cbp.dhs.gov.

7. Whenever it is alleged in this Complaint that Defendant(s) did any act or thing, it is meant that said Defendant's officer, agents, servants, employees, or representatives did such act or thing and that at the time it was done, the act or thing was done with the full authorization or ratification of said Defendant or was done in the normal course and scope of employment of said Defendant's officer, agents, servants, employees, or representatives.

### III.
### JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 2671 *et seq.* because Plaintiffs are alleging a civil cause of action seeking recovery of monetary damages for personal injuries suffered caused by the negligent or wrongful acts and/or omissions of a government employee or government contractor over whom the United States had supervisory and ultimate responsibility, and who was performing the duties required to be performed by the United States of America government.

9. Proper venue lies in Laredo, Webb County, Texas pursuant to 28 U.S.C. § 1402 because the Plaintiff resides in Webb County, Texas, and the action complained of occurred in Webb County, Texas.

## IV.
## CONDITIONS PRECEDENT

10.     Plaintiff would show that Plaintiff complied with all conditions precedent entitling Plaintiff to assert the claims made in the Complaint.

## V.
## BACKGROUND FACTS

11.     On February 26, 2019, Plaintiff Sergio Valdez was driving northbound along the 41100 block of FM 1472 in Laredo, Texas. Jimmy Ramos, Jr. ("Ramos") was driving a United States Border Patrol vehicle marked as K44891, bearing U.S. license plate 274582, traveling southbound along the 41200 block of FM 1472. Mr. Ramos then turned east onto State Highway 255, which is a one-way highway going westbound. As a result of him going the wrong way down a one-way, Plaintiff crashed into the U.S. Border Patrol vehicle as Mr. Ramos was turning. Upon information and belief, at the time of the collision, Mr. Ramos was an employee of Defendants and was driving a vehicle owned by Defendants while acting within the course and scope of his employment.

12.     As a result of Defendants' employee's negligence in causing this collision, Plaintiff suffered severe bodily injuries and other damages for which he now brings this suit.

## VI.
## CAUSES OF ACTION

### *Negligence under the Federal Tort Claims Act*

13.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

14.     The acts and/or omissions of Mr. Ramos on the date of the collision at issue were wrongful and negligent. Specifically, Mr. Ramos was an employee of Defendants and was acting within the course and scope of his office or employment and had a duty to exercise ordinary care and operate the vehicle he was driving reasonably and prudently. Under the laws of the State of Texas, a private person would be liable to Plaintiff for negligently causing the collision and Plaintiff's

resulting injuries. Under 28 U.S.C. § 2674, the United States is liable to Plaintiff for Plaintiff's damages resulting from the collision.

15. Defendants are liable for the negligent acts and/or omissions of Mr. Ramos on the date of the Collision including, but not limited, to the following:

    a. In failing to safely operate one's vehicle;

    b. In turning/driving the wrong way down a one-way street;

    c. In failing to timely apply the brakes of his vehicle to avoid the collision in question;

    d. In failing to yield the right-of-way;

    e. In driving while distracted;

    f. In failing to control one's speed to avoid a collision;

    g. In failing to take proper evasive action to avoid a collision;

    h. In failing to maintain a safe distance between the motor vehicle he was operating and Plaintiff's vehicle;

    i. In failing to stay alert;

    j. In operating his vehicle while using a cell phone;

    k. In driving recklessly;

    l. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances; and

    m. In striking another vehicle while driving a motor-driven vehicle resulting in a collision causing injuries.

16. Additionally, Defendants are liable for negligence *per se* as a result of Mr. Ramos' violations of the TEXAS TRANSPORTATION CODE (among other safety rules) on the date of the collision in one or more of the following ways:

    a. Failing to turn his vehicle in an effort to avoid the collision, a violation of TEX. TRANSP. CODE ANN. § 545.062;

    b.    Failure to make a timely and prudent application of the brakes, a violation of TEX. TRANSP. CODE ANN. § 545.062;

    c.    Failing to exercise due care, a violation of TEX. TRANSP. CODE ANN. § 552.008;

    d.    Failing to yield the right of way, a violation of TEX. TRANSP. CODE ANN. § 545.151;

    e.    Failure to control speed/traveling at an unsafe speed, a violation of TEX. TRANSP. CODE ANN. § 545.351;

    f.    Reckless driving, a violation of TEX. TRANSP. CODE ANN. § 545.401(a); and

    g.    Various other acts of negligence per se to be established at trial.

17. These statutes and regulations were designed to protect against the type of harm that resulted from Defendants' employee and/or contractor's negligent operation of Defendants' vehicle involved in the collision in question.

18. These safety standards were intended to protect members of the public, including Plaintiff. Mr. Ramos' violation of these rules constitutes *negligence per se*.

## VII.
## DAMAGES

19. As a direct and proximate cause of Defendants' negligence described herein, Plaintiff has incurred the following actual damages:

    a.    Reasonable and necessary medical care and expenses in the past;

    b.    Reasonable and necessary medical care and expenses which Plaintiff will, in all reasonable probability, incur in the future;

    c.    Mental anguish in the past;

    d.    Mental anguish which Plaintiff will, in all reasonable probability, incur in the future;

    e.    Physical pain and suffering in the past;

    f.    Physical pain and suffering which Plaintiff will, in all reasonable probability, incur in the future;

    g.    Physical impairment in the past;

    h.    Physical impairment which Plaintiff will, in all reasonable probability, incur in the future;

    i.    Lost earnings;

    j.    Loss of earning capacity in the past; and

    k.    Loss of earning capacity in the future.

## VIII.
## REQUEST FOR RELIEF

20.    Plaintiff requests Defendants be cited to appear and that, upon final trial, he recovers from Defendants judgment for:

    a.    Actual damages within the jurisdictional limits of the Court;

    b.    Pre-judgment interest at the maximum rate allowed by law;

    c.    Post-judgment interest at the maximum rate allowed by law;

    d.    Costs of Court; and

    e.    Such other and further relief to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

*/s/ Ramez F. Shamieh*
Ramez F. Shamieh
Louisiana State Bar No. 35558
Texas State Bar No. 24066683
New York State Bar No. 5280219

**SHAMIEH LAW, PLLC**
1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
214.389.7333 telephone
214.389.7335 facsimile
**ATTORNEY FOR PLAINTIFF**